UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HAROLD RANDOLPH,**

       **Plaintiff,**

                     **Civil Action 2:11-cv-0096**
   **v.**                            **Judge James L. Graham**
                              **Magistrate Judge E.A. Preston Deavers**

**CORE SYSTEMS, LLC,**

       **Defendant.**

**OPINION AND ORDER**

For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Consolidate this Case with *Bradley J. Lyons v. Core Systems, LLC*, Case No. 2:10-cv-75 ("*Lyons* Case").  (ECF No. 3.)  The Court further **DENIES AS MOOT** Plaintiff's Motion for Extension to File a Reply Memorandum in Support of Plaintiff's Motion to Consolidate (ECF No. 8) and Defendant's Motion to Strike (ECF No. 9).

**I.**

Plaintiff, Harold Randolph, filed the instant action against Defendant, Core Systems, LLC ("Core"), on January 31, 2011, asserting violations of the Americans With Disabilities Act ("ADA") and an Ohio state law claim.  (ECF No. 2.)  Plaintiff Randolph alleges that Defendant Core terminated him because of information Core gathered during its health fair.  The same day that Plaintiff Randolph filed his Complaint, he also filed the subject Motion to Consolidate, seeking to consolidate the instant action with the *Lyons* Case.  (ECF No. 3.)  Defendant opposes consolidation.

Bradley J. Lyons filed the *Lyons* Case on January 26, 2010, against Core, asserting violations of the Family Medical Leave Act ("FMLA"), the ADA, and Ohio state law claims. (*Lyons* Case, ECF No. 2.)  Lyons alleges that Core laid him off work after injuries and illnesses forced him to miss four to eight weeks of work.  In deposition, Lyons testified that he did not believe Core laid him off due to his attendance at or the information he revealed during Core's health fair.  Defendant Core's February 2, 2011 Motion for Summary Judgment is pending in the *Lyons* Case.  (ECF No. 12.)

**II.**

Federal Rule of Civil Procedure 42(a) affords the trial court the discretion to consolidate cases involving common questions of law or fact.  *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993); *Mitchell v. Dutton*, Nos. 87-5574, 87-5616, 87-5632, 87-5638, and 87-5647, 1989 WL 933, at *2 (6th Cir. Jan. 3, 1989).  Rule 42(a) states as follows:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  "The underlying objective [of consolidation] is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex, Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992) (internal quotation marks and citation omitted).  In *Cantrell*, the Sixth Circuit Court of Appeals advised that "the decision to consolidate is one that must be made thoughtfully . . . . Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage."  999 F.2d at 1011.  If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be

viewed with even greater scrutiny." *Id*. The *Cantrell* Court further instructed that a court should consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id*. (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations omitted)).

### III.

Plaintiff Harrold asserts that the instant action should be consolidated with the *Lyons* Case because both cases arise from a common set of facts, involve the same defendant, involve management-level employees, involve the same legal issues, involve the same claims, and involve the same witnesses. Defendant Core disagrees, asserting that the two actions involve different claims, with only one similar claim. Defendant further posits that the only similar claim, the disability discrimination claim, does not weigh in favor of consolidation because the legal theories supporting this claim differ in each case. Defendant Core also contends that judicial economy weighs against consolidation given the vastly differing stages of litigation. Finally, Defendant Core cites the danger of prejudice as factor weighing against consolidation.

Although the Court recognizes that the cases share some common facts and legal issues, the multiple considerations weighing against consolidation persuade the Court to deny consolidation. First, for the reasons Defendant Core asserts, the overlap between the cases is not as significant as Plaintiff suggests. Second, consolidation would result in unavoidable delay given that the cases are in different stages of preparation. The *Lyons* Case, which was filed a

year earlier than the instant action, has proceeded to summary judgment. In contrast, in this case, Defendant's answer is not due until April 1, 2011. Finally, any conservation of judicial resources accomplished through consolidation is outweighed by the substantial prejudice consolidation would cause to Defedant Core.

### IV.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Consolidate (ECF No. 3) and **DENIES AS MOOT** Plaintiff's Motion for Extension to File a Reply Memorandum in Support of Plaintiff's Motion to Consolidate (ECF No. 8) and Defendant's Motion to Strike (ECF No. 9).

**IT IS SO ORDERED.**

March 15, 2011 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge